UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TREE-B-GONE, LLC,**

        **Plaintiff,**

v.                                Case No. 25-CV-878

**STATE FARM FIRE AND CASUALTY COMPANY,**

        **Defendant.**

---

## DECISION AND ORDER

---

### 1. Background

After storms knocked down trees on properties owned by persons insured by State Farm Fire and Casualty Company, Tree-B-Gone, LLC, contracted with the property owners to remove the damaged trees. The contracts included an assignment of benefits provision whereby the property owners assigned that portion of their insurance claims to Tree-B-Gone, thus leaving Tree-B-Gone to seek payment from State Farm. Finding Tree-B-Gone's bills exorbitant, State Farm agreed to pay only a fraction of what Tree-B-Gone demanded.

Tree-B-Gone filed suit against State Farm in Brown County Circuit Court alleging breach of contract, bad faith, and violation of Wisconsin Statute § 628.46. (ECF No. 1 at 31-34.) The complaint also contains a claim for punitive damages, but punitive damages is remedy, not a cause of action. *See Reynolds v. MJC Am., Ltd.*,

No. 23-CV-738, 2025 U.S. Dist. LEXIS 36164, at *9 (E.D. Wis. Feb. 28, 2025) (citing *Tikalsky v. Friedman*, 2019 WI 56, ¶55, 386 Wis. 2d 757, 928 N.W.2d 502; *Estate of Wobschall v. Ross*, 488 F. Supp. 3d 737, 755 (E.D. Wis. 2020)).

State Farm removed the action to this court, *see* 28 U.S.C. §§ 1332, 1446, and moved to dismiss Tree-B-Gone's complaint. It argues that Tree-B-Gone's contracts with State Farm's insureds violate Wisconsin's consumer protection laws, specifically various provisions of Wis. Admin. Code § 110.05 and thus are unenforceable.

This motion is ready for resolution. The court has jurisdiction under 28 U.S.C. § 1332.

**2. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint that fails "to state a claim upon which relief can be granted." To avoid dismissal, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts the well-pleaded factual allegations as true and determines if "they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**3. Analysis**

On its surface, this seems like a straightforward case—Tree-B-Gone provided a service to State Farm's insureds related to a claim that Tree-B-Gone alleges is covered by State Farm, and it seeks to get paid by State Farm.

However, Tree-B-Gone is not before this court as the business that performed work for State Farm's insureds. Rather, Tree-B-Gone is before the court as the

2

Case 1:25-cv-00878-BBC    Filed 10/03/25    Page 2 of 9    Document 14

insureds pursuant to an assignment. State Farm nonetheless argues that the validity of Tree-B-Gone's contracts with the insureds is relevant because those contracts form the basis for both the insurance claims that underlie this action and because they contain the assignment clause that allows Tree-B-Gone to step into the shoes of the insureds and bring this action.

Wisconsin strictly regulates "home improvement" contracts. *See, e.g.*, Wis. Admin. Code ATCP § 110.05. Any home improvement contract "requiring any payment of money or other consideration by the buyer prior to completion of the seller's obligation under the contract," Wis. Admin. Code ATCP § 110.05(1)(a), must, among other things, contain the name of the sales representative who solicited the contract, *see* Wis. Admin. Code ATCP § 110.05(2)(a), a description of the scope of work to be completed, *see* Wis. Admin. Code ATCP § 110.05(2)(b), an accurate estimate of the total price of the project, *see* Wis. Admin. Code ATCP § 110.05(2)(c), and the dates or a time period during which the work would be performed, *see* Wis. Admin. Code ATCP § 110.05(2)(d). Tree-B-Gone's contracts did not require pre-payment by the homeowners, but they did require "other consideration" in the form of the homeowner's assignment of its claim against its insurer.

State Farm contends that Tree-B-Gone's contracts were invalid because they failed to comply with these regulations. Thus, its argument goes, if the contracts between Tree-B-Gone and the insureds are invalid, this action fails because not only does Tree-B-Gone not have standing to assert the insureds' claims against State Farm but there is no agreement that could form the basis for a claim that State Farm

3

would be obligated to pay. State Farm draws a line from this action, through Tree-B-Gone's contracts, and to Wisconsin's consumer protection regulations. But as discussed below, it misses certain crucial links in this chain—its standing to challenge Tree-B-Gone's contracts and most importantly, the terms of the policies between State Farm and its insureds.

### 3.1. Assignment

Pursuant to the assignment of benefits provisions in its contracts, Tree-B-Gone has stepped into the shoes of the insureds. *See Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 597 (7th Cir. 2008). But for the assignment of benefits provision in its contracts, Tree-B-Gone lacks standing to bring this action. State Farm argues that the assignment provision was invalid because the assignment was the consideration for a contract that violated Wisconsin's consumer protection regulations, and thus this action must be dismissed because Tree-B-Gone lacks standing to bring it.

But the question of whether Tree-B-Gone's contracts complied with Wisconsin consumer regulations is relevant to Tree-B-Gone's standing to bring this action only if non-compliance would render the assignment provision invalid. Yet, for the court to hold that the assignment provision is invalid, State Farm must have standing to challenge the assignment.

In Wisconsin, an insured can assign post-loss claims to a third-party. *Pepsi-Cola Metro. Bottling Co. v. Emp'rs Ins. Co.*, 2022 WI App 45, ¶ 18, 404 Wis. 2d 337, 350-51, 979 N.W.2d 627, 633 (quoting 3 Steven Plitt et al., Couch On Insurance § 35:8

(3d ed. 1995)); *see also Dogge v. Nw. Nat'l Ins. Co.*, 49 Wis. 501, 503, 5 N.W. 889, 889 (1880)). Even if a policy expressly prohibits such assignments, an insurer cannot challenge the assignment. *See Pepsi-Cola Metro. Bottling Co.*, 2022 WI App 45, ¶ 19.

As to contracts generally, or assignments in particular, usually only a party to a contract can challenge a contract. *See Edwards v. Deutsche Bank Nat'l Tr. Co. (In re Edwards)*, Nos. 11-23195, 11-2505, 2011 Bankr. LEXIS 5065, at *11 (Bankr. E.D. Wis. Dec. 23, 2011) (citing *Schilling v. Employers Mut. Cas. Co.*, 212 Wis. 2d 878, 886, 569 N.W.2d 776 (Ct. App. 1997)); *but see, e.g.*, *Nationwide Agribusiness Ins. Co. v. Tweet/Garot Mech., Inc.*, No. 04-C-673, 2005 U.S. Dist. LEXIS 49996, at *13 (E.D. Wis. Aug. 23, 2005) (allowing insurer to challenge assignment as a collusive attempt to create diversity).

*J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646 (7th Cir. 2014), on which State Farm relies (ECF No. 11 at 4-5), is distinguishable. The facts of that case are complicated but for present purposes it is sufficient to say that the court recognized that a bank had Article III standing to challenge a customer's attempt to arbitrate a dispute with an affiliate of the bank. *Id.* at 650. The court, however, did not hold, or even suggest, that non-parties generally may challenge contracts they were not a part of. Rather, it held only that the bank had standing to seek injunctive relief because arbitration of the dispute between the customer and the affiliate would violate a separate contract between the bank and the customer.

State Farm has failed to show that an exception applies to the general rule that a non-party cannot challenge an assignment. Absent standing to challenge the

assignment, State Farm's contention that the assignment fails because it was contained in a contract that did not comply with Wisconsin's consumer protection regulation is not properly before the court.

### 3.2. Breach of Contract

State Farm also argues that Tree-B-Gone's breach of contract claims (and derivative claims) fail, again because Tree-B-Gone's contracts with the insureds violated Wisconsin's consumer protection regulations.

The contracts that State Farm alleges were unlawful were the contracts between Tree-B-Gone and the homeowner insured. However, the contracts that Tree-B-Gone alleges that State Farm breached are the contracts between State Farm and the insureds, *i.e.*, the insurance policies. In other words, this a coverage dispute between an insured and an insurer. It is not a contractor's direct action against an insurer because Tree-B-Gone has stepped into the shoes of the insureds under the assignment of benefits provision in its contracts.

State Farm contends that the validity of the contracts between Tree-B-Gone and the homeowners is nonetheless central to Tree-B-Gone's claim that State Farm breached the insurance policies because those contracts form the basis for the present action. And intuitively, this makes sense. How could an insurer be obligated to pay for costs that its insured would not be obligated to pay?

However, any coverage action between an insured and an insurer begins with the terms of the policy. *See Strauss v. Chubb Indem. Ins. Co.*, 771 F.3d 1026, 1032 (7th Cir. 2014) (quoting *State Farm Mut. Auto. Ins. Co. v. Cont'l Cas. Co.*, 174 Wis.2d

434, 498 N.W.2d 247, 250 (Wis. Ct. App. 1993) ("The resolution of any coverage dispute is necessarily governed by the terms of the policy as negotiated by the parties")). State Farm, however, skips that step, and curiously, neither party has provided the court with the policy language nor pointed to the language related to coverage of this claim.

Likely, one way or another, the insurance policies do not obligate State Farm to pay sums that its insureds are not obligated to pay. Thus, if Tree-B-Gone's contracts with the homeowners are invalid, Tree-B-Gone's claim that State Farm breached the insurance policies may fail. The court, however, cannot presume anything as to the content of State Farm's policies. At this stage it is State Farm's burden to prove that, if Tree-B-Gone's contracts are invalid, Tree-B-Gone has no breach of contract claim against State Farm. To do that, State Farm generally must be able point to language in its policies excluding coverage if Tree-B-Gone's contracts are invalid. State Farm, however, does not point to any such provision of the policies, develop an argument grounded in the policy language, or otherwise demonstrate that if Tree-B-Gone's contracts violated Wisconsin's consumer protection regulations Tree-B-Gone's breach of contract claims fail.

There is also the problem addressed above with respect to State Farm's challenge to the assignment provision—generally only a party or a third-party beneficiary to a contract may challenge a contract. *See Goossen v. Estate of Standaert*, 189 Wis. 2d 237, 249, 525 N.W.2d 314, 319 (Ct. App. 1994); *Edwards*, 2011 Bankr.

7

LEXIS 5065, at *12. It is undisputed that State Farm was not a party to the contracts, and it has failed to prove that it is a third-party beneficiary.

An insurer being unable to challenge a contract between its insured and a contractor remediating a claim does not turn an assignment of benefits provision into a blank check for contractors. (*Cf.* ECF No. 11 at 4, fn 4 (State Farm arguing that if not permitted to challenge the contract between Tree-B-Gone and the insureds it would invite insureds and contractors to scheme to enter fraudulent contracts that insurers would be bound to pay).) Assignment of benefits provision like those employed by Tree-B-Gone are hardly novel. Insurers can readily craft policy language to protect themselves from abuse, and here State Farm has not presented the policy or offered any such argument.

This all just reinforces the fact that the validity of Tree-B-Gone's contracts with the insureds must be analyzed through the lens of State Farm's insurance policies. Again, State Farm skips this step and attempts to directly challenge the contracts to which it was not a party. State Farm has not shown that it has standing to bring that challenge. Nor has State Farm shown that the validity of the contracts is relevant to Tree-B-Gone's claim that State Farm breached the insurance policies.

Finally, a contract that violates a consumer protection regulation is not automatically unenforceable. *See Baierl v. McTaggart*, 2001 WI 107, ¶ 19, 245 Wis. 2d 632, 642-43, 629 N.W.2d 277, 282. Whether a violation of a regulation renders a contract unenforceable depends on the intent of regulators in enacting the regulation. *Id.* State Farm has failed to demonstrate that, even if Tree-B-Gone's contracts

8

Case 1:25-cv-00878-BBC    Filed 10/03/25    Page 8 of 9    Document 14

violated Wisconsin's consumer regulations, the entire contract would be invalid, much less that it would mean that State Farm did not violate its contracts with its insureds.

### 4. Conclusion

State Farm has failed to show that the question of whether Tree-B-Gone's contracts complied with Wisconsin's consumer protection regulations is properly before the court. It has failed to demonstrate that, even if Tree-B-Gone's contracts violated the regulations, Tree-B-Gone's claims that State Farm breached its insurance contracts fails. State Farm has failed to show that coverage under the insurance policies depends on the validity of the contracts between its insureds and Tree-B-Gone. State Farm has also failed to demonstrate that it has standing to challenge the contracts generally or the assignment provision specifically, or that a violation of the consumer protection regulations would void Tree-B-Gone's entire contract. Tree-B-Gone has plausibly alleged that State Farm's insureds assigned their claims to Tree-B-Gone and State Farm breached its insurance contract by failing to pay on those insureds. Accordingly,

**IT IS THEREFORE ORDERED** that State Farm's motion to dismiss (ECF No. 7) is **denied**.

Dated at Green Bay, Wisconsin this 3rd day of October, 2025.

*s/ Byron B. Conway*  
BYRON B. CONWAY  
U.S. District Judge