# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TREE-B-GONE, LLC,
    Plaintiff,

v.           Case No. 25-CV-878

STATE FARM FIRE AND CASUALTY COMPANY,
    Defendant.

## DECISION AND ORDER

In this insurance coverage dispute, State Farm Fire and Casualty Company moved to bifurcate this action and stay all proceedings and discovery related to Tree-B-Gone's bad faith claims unless a jury first finds in Tree-B-Gone's favor on its breach of contract claim. (ECF No. 17.) In other words, State Farm seeks two rounds of discovery, two rounds of dispositive motions, and two trials, each before a different jury.

Courts have discretion to bifurcate claims. *See* Fed. R. Civ. P. 42(b); *see also Houseman v. United States Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). Noting that Wisconsin courts have expressed a preference for bifurcating insurance coverage disputes from bad faith claims, *see, e.g., Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶75, 334 Wis. 2d 23, 798 N.W.2d 467; *Dahmen v. Am. Family Mut. Ins. Co.*, 2001 WI App 198, 247 Wis. 2d 541, 551, 635 N.W.2d 1, 6, judges in this district will commonly bifurcate actions presenting both claims and stay discovery at least until the insurer can challenge the breach of contract claim by way

of a motion for summary judgment. *See Seidl v. Nationwide Gen. Ins. Co.*, No. 25-cv-230-pp, 2025 U.S. Dist. LEXIS 200992, at *9 (E.D. Wis. Oct. 10, 2025); *Sumit Patel v. Federated Mut. Ins. Co.*, No. 24-CV-767, 2025 U.S. Dist. LEXIS 151852, at *2 (E.D. Wis. Aug. 7, 2025); *City Gas Co. v. Hartford Accident & Indem. Co.*, No. 22-C-311, 2022 U.S. Dist. LEXIS 117486, at *2 (E.D. Wis. July 5, 2022). In Wisconsin's other federal district, the court will generally deny a motion to stay and reserve the question of bifurcating the trial. *See Church Mut. Ins. Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 19-cv-297-wmc, 2020 U.S. Dist. LEXIS 6121, at *4 (W.D. Wis. Jan. 10, 2020) (citing cases).

Bifurcation and staying bad faith discovery is often appropriate because, if the breach of contract claim fails, the bad faith claim necessarily fails. *See Brethorst*, 2011 WI 41, ¶65 ("[S]ome breach of contract by an insurer is a fundamental prerequisite for a first-party bad faith claim against the insurer by the insured."). Bad faith discovery can be far more extensive, expensive, and invasive than discovery related to a breach of contract claim. And at trial evidence of bad faith may be prejudicial if introduced in support of a breach of contract claim.

But bifurcation as State Farm proposes it stands to be extremely time consuming and inefficient. It may take years before a plaintiff's breach of contract claim is resolved by trial and it is able to take evidence regarding its bad faith claim. By that time, the most probative evidence, which is much more dependent on witness recollections than a breach of contract claim, may well have faded from witnesses' memories. And although the second trial would be confined to the bad faith claim,

much of the breach of contract evidence would be relevant to provide foundation and context for the bad faith claim and therefore would have to be presented again.

Thus, in this district it is common to follow a middle-ground approach and stay bad faith discovery until the defendant has had a chance to challenge the breach of contract claim with a motion for summary judgment. *See Herman v. Integrity Prop. & Cas. Ins. Co.*, No. 22-CV-200, 2023 U.S. Dist. LEXIS 200487, at *3 (E.D. Wis. Nov. 8, 2023) (describing the "primary purpose" of bifurcation as giving the insurer "the opportunity to argue that this action should be nipped in the bud before opening the door to the sort of expansive discovery that accompanies a bad faith claim").

If a breach of contract claim survives a motion for summary judgment (or the defendant declines to file such a motion), then the parties may proceed with discovery on the bad faith claim. The defendant will then have an opportunity to challenge the bad faith claim with a motion for summary judgment before trial.

If both claims survive to trial, the court may bifurcate the trial so that in Phase One the jury is asked to decide only the breach of contract question. If the jury finds for the plaintiff, the trial proceeds to Phase Two, where the jury decides the question of bad faith.

Bifurcation is not automatic. If it appears that the question of coverage is unlikely to be resolved in the insurer's favor at summary judgment (*e.g.*, there are obvious disputes of material fact), bifurcation needlessly protracts the action at the expense of inefficient discovery or the risk of the loss of evidence. Even if the court formally bifurcates proceedings, the parties may agree that at least some bad faith

discovery is appropriate amidst discovery on the question of coverage. For example, if a party has only a few questions regarding bad faith for a witness who is being deposed regarding coverage, the parties may agree that it is much more efficient to allow those few questions now rather than re-convening the deposition if the case proceeds to discovery on the bad faith claim. *See Sumit Patel v. Federated Mut. Ins. Co.*, No. 24-CV-767, 2025 U.S. Dist. LEXIS 151852, at *4 (E.D. Wis. Aug. 7, 2025).

Having denied State Farm's motion to dismiss, *see Tree-B-Gone, LLC v. State Farm Fire & Cas. Co.*, No. 25-CV-878, 2025 LX 423248 (E.D. Wis. Oct. 3, 2025), the court is familiar with the circumstances of the parties' dispute such that it is satisfied that bifurcation and a stay to limit discovery to the breach of contract claim is appropriate. Therefore, State Farm will have the opportunity to challenge Tree-B-Gone's breach of contract claim by way of a motion for summary judgment before the parties may proceed with discovery regarding bad faith. The effect of the stay is that the scope of discovery is limited as it would be if the plaintiff had not pled a bad faith claim. *Cf.* Fed. R. Civ. P. 26(b)(1). The court, however, reserves the question of whether to bifurcate any trial into the two-phase procedure discussed above.

**IT IS THEREFORE ORDERED** that State Farm's motion to bifurcate and stay is granted as set forth in this order. A separate scheduling order will follow.

Dated at Green Bay, Wisconsin this 26th day of November, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
