UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TREE-B-GONE, LLC,**

**Plaintiff,**

**v.** **Case No. 25-CV-878**

**STATE FARM FIRE AND CASUALTY COMPANY,**

**Defendant.**

---

# ORDER

---

Based on the alleged diversity of the parties (ECF Nos. 1, ¶ 3; 1-1 at 1), the defendant removed this action to federal court on June 20, 2025. In accordance with Civil Local Rule 7.1(b)(1), Tree-B-Gone, LLC, was required to file a disclosure statement within 14 days. It failed to do so.

Upon recognizing Tree-B-Gone's omission, the court on November 5, 2026, ordered Tree-B-Gone to file a disclosure statement within seven days. The following day, it filed a disclosure statement. (ECF No. 40.) However, it failed to provide the information required under Fed. R. Civ. P. 7.1(a)(2). Therefore, the court ordered, "No later than November 12, 2026, Tree-B-Gone, LLC, shall file an amended disclosure statement that **FULLY** complies with Fed. R. Civ. P. 7.1(a)(2)." (ECF No. 41 (emphasis in original).)

On November 9, 2026, Tree-B-Gone filed what is essentially the same disclosure statement it filed previously but now with the information in a slightly different format. Again, Tree-B-Gone failed to comply with Fed. R. Civ. P. 7.1(a)(2).

The first question in any case is the court's subject matter jurisdiction. *Cont'l Indem. Co. v. BII, Inc.*, 104 F.4th 630, 636 (7th Cir. 2024).

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2).

In other words, when the court's jurisdiction is based on diversity, the party's disclosure statement must contain all the information necessary to identify the citizenship of the party.

Often, determining the citizenship of a party is simple. Every law student is taught that the citizenship of a person is determined by that person's domicile, *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002), and that a corporation is a citizen of both the state where it is incorporated and the state it has its principal place of business, 28 U.S.C. § 1332(c)(1). But determining the citizenship of other artificial entities such as trusts or limited liability companies (LLC) can be more complicated. That is where the provision of the Rule requiring disclosure of "every

individual or entity whose citizenship is attributed to that party or intervenor" comes into play.

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *see also Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) ("Unincorporated enterprises are analogized to partnerships, which take the citizenship of every general and limited partner."). Thus, the first step is to identify each member of the LLC. Then, counsel must identify the citizenship of each member. This is where things can get complicated. A member of an LLC might be another LLC (or similar artificial entity). In that case, counsel must keep drilling down through all layers of corporate structure until counsel reaches a natural person or a corporation. *See Thomas*, 487 F.3d at 534 ("Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

Trusts pose their own set of problems vis-à-vis Rule 7.1 and diversity jurisdiction. A traditional trust is not a legal entity, and so trustees must sue in their own names. *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018). Thus, the citizenship of a traditional trust is that of the trustee who is the party to the action. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citing *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980)).

A business trust, however, is more like an LLC or other artificial entity when it can sue and be sued in its own name. A business trust has the citizenship of its members or shareholders or partners (or whatever comparable term the relevant state law uses for those who have an interest in the business trust). *Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 384 (2016).

For example, Defendant, LLC might have two members: John Smith and Parent, LLC. Determining the citizenship of John Smith is simple; it is his domicile. John Smith is domiciled in Wisconsin and therefore is a citizen of Wisconsin. So, we know that Defendant, LLC is a citizen of at least Wisconsin. But then it is necessary to look at Parent, LLC. Just like with Defendant, LLC, it is necessary to look at Parent, LLC's members. Parent, LLC has two members: Holding, Inc. and Investor, Inc. To determine the citizenship of a corporation it is necessary to identify both where the corporation is incorporated and where it has its principal place of business. Holding, Inc., is incorporated in Delaware and has its principal place of business in Texas. Investor, Inc. is incorporated in Florida and has its principal place of business in Illinois. All this information would have to be included in Defendant, LLC's disclosure statement. Ultimately, under this example, the disclosure statement would reveal that Defendant, LLC is a citizen of Wisconsin, Delaware, Texas, Florida, and Illinois.

In the scope of federal litigation, this example is fairly straightforward. Add in a trust or two or a few more layers of ownership and disclosure statements can get quite complicated. But this burden is required to ensure that courts heed to the

jurisdictional limits posed by 28 U.S.C. § 1332 and Section 2 of Article III of the Constitution.

The disclosure statement must be precise. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). It is often not enough for counsel to simply declare a bottom-line conclusion that an entity is a citizen of a particular state; counsel must "show their work" in how they arrived at that answer.

Granted, the defendant has similarly failed to comply with Fed. R. Civ. P. 7.1(a)(2). (ECF No. 2.) Thus far, however, its failure has proved inconsequential. It is undisputed that its principal place of business is in Illinois and that it is not incorporated in Wisconsin. (ECF No. 1 at 2, ¶¶ 8-9; 9, ¶2.) The court, however, lacks sufficient information to determine Tree-B-Gone's citizenship and consequently cannot be confident that it has jurisdiction.

**IT IS THEREFORE ORDERED** that within **seven days** of this order Tree-B-Gone shall submit an amended disclosure statement that fully complies with Fed. R. Civ. P. 7.1. Failure to fully comply with this order may result in the court imposing sanctions up to and including dismissal of this action.

Dated at Green Bay, Wisconsin this 10th day of November, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge